[No. 74.   Decided February 11, 1891.]
FRED. FURTH, J. J. WHITE, J. S. WATSON AND A. P. CURRY v. D. A. MCINTOSH.

JUSTICE OF PEACE — POLICE MAGISTRATES — COMPENSATION.

A justice of the peace who has been designated under the charter of a city to act as police magistrate therefor can receive only such fees as are provided by general statute, and a municipal ordinance fixing the salary of such police magistrate is void.

*Appeal from Superior Court, Spokane County.*

Action by D. A. McIntosh against Fred Furth, as mayor, J. J. White, as clerk, J. S. Watson, as treasurer, and A. P. Curry, as police magistrate, of the city of Spokane

Falls, to enjoin the payment to said police magistrate of the salary of $150 per month as provided by an ordinance of said city. Defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and defendants electing to stand upon their demurrer and declining to plead further, judgment was rendered in favor of plaintiff, from which judgment defendants appeal.

*S. G. Allen*, and *P. F. Quinn*, for appellants.

The office of police magistrate under §§ 26 and 27 of chapter 3, and § 68 of chapter 8, and § 20 of chapter 2 of the charter of the city of Spokane Falls (Laws 1885–6, p. 300) is not a judicial office. A police magistrate chosen for the purpose of enforcing a police regulation or city ordinance is not a judicial officer, nor is his office a judicial office within the meaning of the organic act. *Shafer v. Mumma*, 17 Md. 331 (79 Am. Dec. 656); *Hutchings v. Scott*, 4 Halst. (N. J.) 218; *State v. Maynard*, 14 Ill. 420; *Beesman v. Peoria*, 16 Ill. 484.

*Turner & Graves*, and *W. C. Jones*, for appellee.

The opinion of the court was delivered by

HOYT, J. — Under its charter the city of Spokane Falls was authorized to designate one of the justices of the peace residing therein as police justice of said city, and the said justice, when so designated, was authorized to try offenders for alleged violations of the ordinances of said city. There was a provision of said charter which authorized the city to establish and regulate the fees and compensation of its officers, except when otherwise provided. By virtue of these provisions, one of the defendants had been designated as such police justice, and his compensation for services rendered as such justice fixed at a salary of $150 per

month, and the sole question argued by counsel, and presented for our determination, is as to the power of said city to provide this compensation for such services. If the jurisdiction to perform the acts required of such officer under said charter is derived primarily from the fact that he has been designated as police justice, there would be strong reason for holding that, under said provisions of its charter, said city might provide as compensation therefor the above stated salary. If, on the other hand, such jurisdiction arises from the fact that he is a justice of the peace, then it would be more reasonable to hold that his compensation should be governed by the general provisions of the statute, which provide certain fees for the several acts required to be performed by such justice of the peace. Unless the contrary intention was clear, it would be presumed that the legislature intended to provide the same compensation for like acts performed by justices of the peace throughout the state. And we do not think such intention sufficiently appears in the language of the charter of said city, as every word in the charter can be given its full force as well by holding that the above stated provision, allowing the city to fix the compensation of its officers "except as otherwise provided" meant "as otherwise provided by law," as by holding that it meant as otherwise provided in said charter. In fact, the words used would be the ordinary ones to express the former meaning, while the latter would be much more likely to be expressed by the limitation, "except as otherwise provided herein," or "in this charter."

Plaintiff in error has evidently foreseen that the main contention must be as to the capacity in which said officer acted. Hence almost his entire argument has been to show that acts required of such officer were non-judicial in their character, and could therefore be conferred on other officers than those mentioned in the organic act as the only

ones in whom could be vested judicial authority. With their contention in this regard we cannot agree, for, although there are some authorities to the effect that violations of the provisions of ordinances of cities can be tried by others than judicial officers, we think that under the organic act of the territory and the legislation and practice thereunder, the proceedings had to punish for a violation of city ordinances were as purely judicial as any other proceedings before justices of the peace. The provisions of the charter in question tend strongly to establish such fact; for, if the acts required were non-judicial, why was the city required to fill such place of police justice by some one of the justices of the peace residing in said city? We think that every act of such police justice was the act of a justice of the peace, and that the only object or effect of his designation as such police justice was to provide a single officer before whom the causes under the city charter should be brought. Without such provision the business would be divided between the several justices of the peace residing in such city, which would not so well subserve the convenient and economical administration of the affairs of the city as would a single judicial officer. It follows that the compensation provided by general statute applies to the officer in question, and that the ordinance providing for a salary therefor is void, and the judgment of the lower court must be affirmed, and it will be so ordered.

ANDERS, C. J., and SCOTT, STILES, and DUNBAR, JJ., concur.